Receipt #0264855

ORIGINAL

THE UNITED STATES COURT OF FEDERAL CLAIMS
WASHINGTON, D.C.

FILED
MAY - 4 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Amy B. Burkholder<br>718 Forest Avenue<br>Oak Park, Illinois 60302<br>Plaintiff | ) | |
| v. | ) | No. 06-359 C |
| United States Equal Employment Opportunity Commission,<br>1801 L Street, N.W.<br>Washington, D.C. 20507,<br>Defendant | ) | |

COMPLAINT

Parties

1. Amy Burkholder, (Ms. Burkholder), the plaintiff, is and at all times relevant to the matters stated in this Complaint employed by the United States Equal Employment Opportunity Commission( EEOC), in the position of Investigator GS-1801-12.

2. The United States Equal Employment Opportunity Commission, (EEOC), the defendant, is an agency of the United States government with responsibility for employment of individuals to oversee and enforce federal laws governing employment discrimination.

Jurisdiction

3. This is an action for failure to waive and/or compromise collection of health benefit premiums required to be withheld from an employee's pay. This action is brought pursuant to 31 U.S.C. § 3711 and 5 U.S.C. §§ 5514 and 5584.

This Court has jurisdiction pursuant to 5 U.S.C. § 8912 and 28 U.S.C. § 1491(a)(1). The applicable regulations governing this action are 5 C.F.R. § 890.502(c)(2) and the General Collection Standards set forth in 5 C.F.R. §179.101 et. seq., which require waiver of a debt based upon equity and good conscience; notice to the employee of the debt; notice of the amount, frequency, beginning date and duration of deductions; notice of a right to a hearing and hearing procedures; and notice of the right to request a waiver of the debt.

All actions set forth in this Complaint were taken by the Headquarters Office of the EEOC located in Washington, D.C. All jurisdictional prerequisites to this action have been met and all administrative remedies have been exhausted.

<u>Statement of the Claim</u>

<u>Count I Denial of Due Process</u>

4. On or about September 13, 2004, the EEOC notified Ms. Burkholder, the Agency had failed to withhold health benefit premiums, in the amount of $7,015.98, from her pay, as set forth on Exhibit 1 attached hereto.

5. On or about October 12, 2004, the EEOC notified Ms. Burkholder the Agency had failed to withhold health benefit premiums, in the amount of $ 16,103.44, from her pay, as set

forth on Exhibit 2 attached hereto. The October 12, 2004 Bill for Collection was revised on April 18, 2005 and reduced to an amount of $16,051.34.

6. The Bills for Collection, set forth at Exhibit 1 and 2, failed to set forth the amount of any deductions, the beginning date, and duration of any salary offset deductions, and the specific requirements for a hearing as required by 5 C.F.R. §§ 179.206(a)(3), 179.206(a)(7), and 179.207.

7. The failure of the EEOC to notify Ms.Burkholder of the standards for a hearing and her rights to a hearing denied Ms. Burkholder her right to due process and a hearing before an impartial administrative judge.

Count II

Failure to Waive The Debt and Improper Collection

8. Ms. Burkholder responded to the EEOC's Bill for Collection by submitting a timely request for a waiver, attached hereto as Exhibit 3 *Letter of Amy Burkholder to Payroll Operations Division, D-2640.*

9. Ms. Burkholder's request for a waiver cited specific facts showing that she attempted to correct the Agency's error, on January 15, 2002, January 28, 2002, and February 7, 2002, by sending copies of enrollment forms, to the Department of Interior (DOI) and the Human Resources Office

of the EEOC, Exhibit 4 attached hereto.

10. The EEOC and DOI made no further contact with Ms. Burkholder until August 2004, Ex. 3, pp. 1-2.

11. On or about December 3, 2004 Leonora Guarraia, Chief Operating Officer of the EEOC denied Ms. Burkholder's request for a waiver on the basis that Ms. Burkholder was partially at fault for failing to notice health insurance deductions had not been made. Ms. Burkholder was not notified of her right to a hearing on the denial of the waiver request and was not notified of any procedures to request a reconsideration of the waiver denial, Exhibit 5 attached hereto, p. 1, *Letter of December 4, 2004*.

12. The December 4, 2004 denial of the waiver did not apply the standards of equity and good conscience by failing to accord Ms. Burkholder credit for her efforts to correct the EEOC's failure to properly withhold health benefit deductions from her pay; failure to consider Ms. Burkholder's status as the sole wager earner in her family; and failure to consider the employer's obligations on withholding health benefit deductions as required by 5 C.F.R. § 890.502(c), *Id.*.

13. On February 2, 2005, Ms. Burkholder requested a hearing on the denial of the waiver request, Exhibit 6 attached hereto, *Letter of Michael Davidson*.

14. On May 18, 2005, the EEOC denied Ms. Burkholder's request for a hearing, relying on internal agency regulations, Exhibit 7 attached hereto, *Letter of Angelica Ibarguen*.

15. On or about March 1, 2006, without notice of the amount, frequency and duration of the biweekly deductions and without consideration of Ms. Burkholder's necessary living expenses, the EEOC began biweekly deductions, in the amount of $381.85 from Ms. Burkholder's pay.

16. The actions of the EEOC violated Ms. Burkholder's rights to a waiver based upon equity and good conscience; rights to a hearing; and resulted in more than 15% of Ms. Burkholder's disposable pay being deducted from her biweekly pay.

<u>Relief</u>

Based upon the matters set forth herein, Ms. Burkholder requests that this Court:

(a) Set this matter for a trial;

(b) Issue an Order finding that Ms. Burkholder was denied her right to due process; deprived of a hearing; and denied her right to a waiver based upon equity and good conscience;

(c) Issue an order requiring the EEOC to waive the payment by Ms. Burkholder of the health insurance deductions, in the amount of $23,067.32 plus all interest and penalties;

(d) Issue an order requiring the EEOC to refund to Ms. Burkholder any amounts deducted from Ms. Burkholder's pay from on or about March 1, 2006 until the present;

(e) In the interest of justice, award to Ms. Burkholder and against the EEOC all attorney fees and costs incurred, in the processing of this action;

and

(f) Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Barbara B. Hutchinson
Attorney for Plaintiff
D.C. Bar # 418967
Telephone: (301) 577-3387
Facsimile: (301) 577-3764

May 4, 2006

United States Department of the Interior
OFFICE OF THE SECRETARY
National Business Center
Payroll Operations Division
P.O. Box 2720303
Denver, Colorado 80227-9030

In reply refer to:
D-2640

September 13, 2004

MS. AMY BURKHOLDER
718 FOREST AVE
OAK PARK, IL US 60302-0000

**BILL FOR COLLECTION: $7,015.98**
**Debt ID: 42580097269**
**SSN: 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**

The Payroll Operations Division has determined that you have received Federal Salary payment in excess of the amount to which you were entitled. This constitutes a debt which is owed to the United States. The nature and amount of this overpayment are described below.

Our records indicate that you owe the following deduction(s) retroactively.

| | |
|---|---|
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |
| HEALTH BENEFIT | $254.99 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |

| | |
|---|---|
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |
| HEALTH BENEFIT | $279.13 |
| HEALTH BENEFIT | $254.99 |

TOTAL $7,015.98

Collections Total: $ .00

Debt Balance: $ 7015.9

You have certain legal and regulatory rights and obligations in regard to this salary overpayment. Please refer to the attached information sheet for a summary of these provisions.

Please note that payment in full is due by 10/13/2004. You may elect to pay the full amount by check or money order, not cash, made out to the Dept of the Interior, or you may elect to make payments through payroll deductions. If you choose to pay by check or money order, please send your payment to:

Payroll Operations Division, D-2613
PO Box 272030
Denver, CO 80227-9030

If you have any questions concerning the specifics of the debt, wish to authorize collection of the debt by one-time payroll deduction (fax: 303-969-5392), or wish to arrange for a repayment schedule, please contact John Castillo of the Debt Management Branch at 303-969-7187.

## DEBT COLLECTION INFORMATION

You have the right to inspect and copy our records relating to the debt. You may have a hearing on our determination of the debt if you file, within 15 calendar days of the date you receive this bill, a petition requesting a hearing. Your petition, which should identify and explain the facts, evidence, and witnesses which you believe support your position, should be addressed to:

Director-OHR
Equal Employment Opportunity Commission
1801 L Street, NW
3rd Floor
Washington, DC 20507

Please submit your request to the Debt Management Branch so that we can suspend collection actions. We will forward it to the Financial Officer. Please mail your petition to:

Payroll Operations Division
Attn: Debt Management Branch
D-2640
P.O. Box 272030
Denver, CO 80227-9030

If you believe you had no reason to recognize this as an erroneous payment, and that collection would be against equity and good conscience, you may apply for a waiver of repayment of this bill. Your request must explain the circumstances of the overpayment to the best of your knowledge, and must tell what steps you took, if any, to bring the matter to the attention of the appropriate official and the agency response. Please send your request to:

employee Relations

Payroll Operations Division, D-2640
Attention: Debt Management Branch
P.O. Box 272030
Denver, CO 80227-9030

We will forward your request along with details of the payment, to the Review and Analysis Branch. This branch, which is separate from, and independent of, both payments and billing functions, will make the waiver decision.

If this bill is not paid in total by the end of this calendar year, the amount you must repay will increase by the amount of applicable federal, state, and local withholding taxes on

the unpaid balance. The unpaid amount of the original bill will be included on your W2 as taxable income for this tax year.

Bills not paid in full by the due date will be assessed interest at 1% per annum from the date of the bill through the date of complete payment. In addition, bills not paid within 90 days of the due date will be subject to a penalty charge of 5% per annum computed from the date of the bill through the date of complete payment.

Unless you pay this bill in full within 30 days, or contact us within 30 days to dispute the debt, or to arrange a suitable alternative payment method, we intend to recover the amount of this debt, including applicable interest, administrative charge, and penalty, through deductions from your salary. Deductions will begin 30 days from the date of this bill. If you separate prior to full collection of this debt, we intend to recover the entire remaining balance via deductions from your final pay and/or lump sum leave settlement. If you retire or resign, or if your employment otherwise ends before collection of this debt is complete, we intend to recover the unpaid balance from your final pay.

United States Department of the Interior
OFFICE OF THE SECRETARY
National Business Center
Payroll Operations Division
P.O. Box 2720303
Denver, Colorado 80227-9030

In reply refer to:
D-2640

October 12, 2004

MS. AMY BURKHOLDER
718 FOREST AVE
OAK PARK, IL US 60302-0000

**BILL FOR COLLECTION: $16,103.44**
**Debt ID: 2860097269**
**SSN: 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**

The Payroll Operations Division has determined that you have received Federal Salary payment in excess of the amount to which you were entitled. This constitutes a debt which is owed to the United States. The nature and amount of this overpayment are described below.

Our records indicate that you owe the following deduction(s) retroactively.

| | |
|---|---|
| HEALTH BENEFIT | $16,103.44 |
| TOTAL | $16,103.44 |
| Collections Total: | $ .00 |
| Debt Balance: | $ 16103. |

You have certain legal and regulatory rights and obligations in regard to this salary overpayment. Please refer to the attached information sheet for a summary of these provisions.

Please note that payment in full is due by 11/11/2004. You may elect to pay the full amount by check or money order, not cash, made out to the Dept of the Interior, or you may elect to make payments through payroll deductions. If you choose to pay by check or money order, please send your payment to:

Payroll Operations Division, D-2613
PO Box 272030
Denver, CO 80227-9030

If you have any questions concerning the specifics of the debt, wish to authorize collection of the debt by one-time payroll deduction (fax: 303-969-5392), or wish to arrange for a repayment schedule, please contact John Castillo of the Debt Management Branch at 303-969-7187.

# DEBT COLLECTION INFORMATION

You have the right to inspect and copy our records relating to the debt. You may have a hearing on our determination of the debt if you file, within 15 calendar days of the date you receive this bill, a petition requesting a hearing. Your petition, which should identify and explain the facts, evidence, and witnesses which you believe support your position, should be addressed to:

Director-OHR
Equal Employment Opportunity Commission
1801 L Street, NW
3rd Floor
Washington, DC 20507

Please submit your request to the Debt Management Branch so that we can suspend collection actions. We will forward it to the Financial Officer. Please mail your petition to:

Payroll Operations Division
Attn: Debt Management Branch
D-2640
P.O. Box 272030
Denver, CO 80227-9030

If you believe you had no reason to recognize this as an erroneous payment, and that collection would be against equity and good conscience, you may apply for a waiver of repayment of this bill. Your request must explain the circumstances of the overpayment to the best of your knowledge, and must tell what steps you took, if any, to bring the matter to the attention of the appropriate official and the agency response. Please send your request to:

Payroll Operations Division, D-2640
Attention: Debt Management Branch
P.O. Box 272030
Denver, CO 80227-9030

We will forward your request along with details of the payment, to the Review and Analysis Branch. This branch, which is separate from, and independent of, both payments and billing functions, will make the waiver decision.

If this bill is not paid in total by the end of this calendar year, the amount you must repay will increase by the amount of applicable federal, state, and local withholding taxes on

the unpaid balance. The unpaid amount of the original bill will be included on your W2 as taxable income for this tax year.

Bills not paid in full by the due date will be assessed interest at 1% per annum from the date of the bill through the date of complete payment. In addition, bills not paid within 90 days of the due date will be subject to a penalty charge of 5% per annum computed from the date of the bill through the date of complete payment.

Unless you pay this bill in full within 30 days, or contact us within 30 days to dispute the debt, or to arrange a suitable alternative payment method, we intend to recover the amount of this debt, including applicable interest, administrative charge, and penalty, through deductions from your salary. Deductions will begin 30 days from the date of this bill. If you separate prior to full collection of this debt, we intend to recover the entire remaining balance via deductions from your final pay and/or lump sum leave settlement. If you retire or resign, or if your employment otherwise ends before collection of this debt is complete, we intend to recover the unpaid balance from your final pay.

# INDEBTEDNESS PAYMENT AGREEMENT ELECTION FORM

Please indicate your intention to pay the debt by checking the appropriate space below. Sign form and return it to:

National Business Center
Payroll Operations Division, D2640
P.O. Box 272030
Denver, CO 80227-9030

OR FAX:

303-969-5392

_____ 1. I elect to pay the full amount of my indebtedness by check or money order. (Checks and money orders must be made payable to the Dept of Interior. Enclose the check or money order with this form).

_____ 2. I elect to pay my indebtedness through the minimum biweekly payroll deduction. The minimum amount is $25, as long as it satisfies the debt in 3 years.

_____ 3. I elect to repay my indebtedness through biweekly payroll deductions in the amount of $_______ which is greater that the minimum amount displayed in option 2. I understand that it is permissible for me to authorize a payroll deduction in the amount in excess of the 15% limit that POD is legally allowed to offset from my disposable pay without my consent.

Type/Print Name: ______________________________

Agency: ______________________________

Social Security Number: ______________________________

Debt ID: ______________________________

Signature: ______________________________

Date: ______________________________

Amy N. Burkholder
718 Forest Avenue
Oak Park, Illinois 60302

Payroll Operations Division, D-2640
Post Office Box 272030
Denver, Colorado 80227-9030

I am in receipt of the Department of Interior's (DOI) Bill for Collection dated September 13, 2004. By this letter I am appealing the alleged debt and seek a waiver of repayment of this bill.

I am a 17 year employee of the Equal Employment Opportunity Commission (EEOC). On September 13, 2004, Charlotte Brown, Benefits Specialist for DOI. informed me that an internal DOI audit revealed that, since September 23, 2001, money for my health benefits had not been deducted. DOI claims that I have benefitted in that I had been receiving health care for which I had not paid. On September 16, 2004, I received written notice from DOI which billed me for $7,015.98. This amount is for one year. Ms. Brown, however, has verbally advised me that it is DOI's contention that I actually owe for three years.

**BACKGROUND**

Prior to September 23, 2001, General Services Administration (GSA) performed the payroll function for EEOC. Effective on September 23, 2001, DOI assumed that function. In January, 2002, DOI contacted Garfield Freeman, Human Resource Specialist in the Chicago District Office of EEOC and informed him that I had been dropped from the payroll. DOI also inquired about whether I was receiving health benefits. Mr. Freeman verified my continued employment and informed DOI that I had enrolled in a health benefit plan (Blue Cross/Blue Shield) in 2000. To substantiate that, on January 15, 2002 Mr. Freeman faxed a copy of the enrollment form in question (Form 2809). This form confirmed that I had been enrolled in health benefits since October 2000. DOI then requested that a Form 2810 be completed and backdated to September 23, 2001, **due to their agency's error**. Mr. Freeman did as DOI requested on January 15, 2002. This documentation was sent to Jim Gilbert at DOI. On January 28, 2002, Mr. Freeman faxed the same copies directly to Ms. Brown. In addition, on February 7, 2002 Mr. Freeman faxed a copy of that Form 2810 to George Kertimenian, an employee at EEOC's Office of Human Resources ("OHR") in Washington D.C. Both Mr. Freeman and I, hearing nothing further, believed all was in order. We heard nothing further on this matter until a few weeks ago.

Sometime in August 2004, DOI contacted Mr. Freeman stating an internal audit revealed that their agency had failed to deduct payments for my health benefits. Since that date, three conference calls have taken place. In addition to myself and Mr. Freeman, Debra Wilson-

Surnbry, Chicago District Office Administrative Officer, and Michael Davidson, Local 3504 Union President have participated in those calls with Ms. Brown and, one occasion, with her manager, Pat House, Benefits Branch Chief. Those calls have attempted to provide some understanding of the root of this problem and other relevant facts. Those calls were illuminating; They reflected that both DOI and OHR were culpable and, that DOI , while catching the error in 2002, failed to remedy it.

Normally, an employee fills out a Form 2809 to enroll in a health benefit plan with a particular carrier. The appropriate form is then sent of the agency's Office of Human Resources (OHR) in Washington, D.C. OHR then has the responsibility to process that form. In October 2000, I enrolled in health benefits. I filled out the required Form 2809 and submitted it through the Chicago District office personnel representatives. They, in turn, forwarded those forms to EEOC's Office of Human Resources. I met my obligation by filling out and submitting the required form. The Chicago District Office had met its obligation by submitting the enrollment form to OHR. At this time, GSA performed the payroll functions for my agency and processed my Form 2809.

The glitch appears to have occurred in September 2001, when DOI assumed payroll responsibility for the EEOC. When Mr. Freeman and I learned that there was a problem in January 2002, we followed the directions provided by DOI. It was not until several weeks ago, **2 ½ years later**, that we learned that there was a continuing problem.

During the last several weeks, we attempted to contact OHR and seek its assistance in ferreting out information about this problem. To date, Mr Freeman has had the courtesy of even a return phone call.

**ANALYSIS**

The only entities that could accomplish the task of processing my health plan enrollment forms and thereby ensuring that the proper monies were deducted from my payroll were DOI and OHR. None of those entities properly performed that fiduciary duty. For the duration of the three years in question, money was not deducted from my pay but paid to Blue Cross/Blue Shield. For some period, it appears as if money was deducted from my pay for health care coverage but not paid to Blue Cross/Blue Shield. During this period, I received a Blue Cross/Blue Shield card; my family and I made periodic visits to medical facilities as needed without a problem; I paid the "co-pay" fee. In short, nothing occurred that would reasonably lead me to believe that there was a problem. When reviewing my leave and earnings statements, I erroneously believed that health benefits were being deducted. I have learned that what I thought were health benefits were not.

**CONCLUSION**

I simply do not have the financial resources to repay any of the alleged debt. Currently, I am the sole wage earner in our family. My husband lost his job on July 19, 2004, and cannot work due to disabilities. We have two young children. We have a modest income. The prospect of a debt repayment for a matter that was not of my making is stressful and simply, not fair. I met my

responsibility. I filled out the proper forms and submitted them. I did so again, **not once, but twice**, in an attempt to remedy a mistake of OHR and DOI. I have not words to describe how angry, frustrated and fearful I am with these events. I am outraged that the government seeks to punish me for its mistake. I come to work and meet my responsibilities. I know that there is a consequence for failing to do so no matter what the reason. That is fair! Here, the government did not meet its responsibility but decides I must pay for its mistake. That is not fair! Moreover, it is my contention that the Government's demand that I repay a debt that they created by their own administrative error would be counter to goodwill and good employee relations.

I am requesting that the alleged "debt" that I am charged with be waived. There are a myriad of cases in which debt forgiveness is granted. I know of a couple such cases in which a debt was waived under circumstances where the employee in question was more responsible than in my case. I'm sure that OHR and DOI know of such cases. In fact, Ms. Brown informed us during one during one of our telephone conferences about an employee who failed to submit the requisite form to reduce her health benefits from family to individual for nine years. Despite it being the employee's fault, DOI reimbursed her for the entire nine years of overpayment.

Once again, I respectfully request that my "debt" be waived.

Thank you for your consideration.

Sincerely,

Amy N. Burkholder

FEHB

# HEALTH BENEFITS REGISTRATION FORM

Federal Employees Health Benefits Program

Form Approved: OMB No. 3206-01

- Complete Part A and Parts B, C, D, and E as applicable.
- Do not separate the copies. Your employing office will certify the completed form and return your copy to you.
- Type or Print Firmly.
- Sign and date in Part

**PART A** - *Fill in this part.*

1. Name *(Last, first, middle initial)*: Burkholder, Amy N.
2. Social Security number: 317827493
3. Date of birth *(mo., day, yr.)*: 05/06/64
4. Your home mailing address *(include ZIP code)*: 2143 W. Thomas St. Chicago Il. 60622
5. Sex: ☐ Male ☒ Female
6. Are you now married? ☒ Yes ☐ No
7. Daytime telephone number: (312) 886-7493

**PART B** - *Fill in this part if you wish to enroll or change your enrollment in the Federal Employees Health Benefits (FEHB) Program.*

1. I elect to enroll in a health benefits plan as shown below. (Copy the information requested below from front cover of brochure of the plan you select.)

Name of plan: Blue Cross Blue Shield — Enrollment code: 105

| 2a. Names of family members | 2b. ZIP code | 2c. Date of birth (mo., day, yr.) | 2d. Sex | 2e. Relationship "code" | 2f. Social Security number (See Instructions) |
|---|---|---|---|---|---|
| Brian C. Long | 60622 | 05/14/64 | M | 1 | 317620913 |
| Maxwell A. Long | " | 03/11/97 | M | 2 | 320942391 |
| Anna R. Long | " | 02/28/99 | F | 2 | 325961742 |
| | | / / | | | |
| | | / / | | | |

3a. Do you, your spouse or any other eligible family members have any group health insurance coverage other than the FEHB plan in which you are now enrolling or enrolled? ☒ No ☐ Yes → Complete 3b

3b. Type of insurance ▶ Medicare ☐ No ☐ Yes → Indicate part(s) ☐ CHAMPUS ☐ Other private *(specify name)*

**PART C** - *Fill in this part, as well as PART B, to change enrollment.*

1. Present Plan name:
2. Present Plan enrollment code ▶
3. Number of event that permits change *(See Table of Permissable Changes)*: 19
4. Date of event that permits change *(mo., day, yr.)*: 10/12/00

**PART D** - *Employees Only*

*Place an "X" in the box below if you wish NOT TO ENROLL in the FEHB Program.*

☐ I elect not to enroll in the Federal Employees Health Benefits Program.

My signature in PART F certifies that I have read and understand the information regarding this election.

**PART E** - *CANCELLATION*

*Place an "X" in the box below if you wish to CANCEL your enrollment.*

☐ I elect to cancel my enrollment in the Federal Employees Health Benefits Program. I am currently enrolled under the code shown at the right.

Present Plan enrollment co

My signature in PART F certifies that I have read the information in the instructions regarding cancellation of enrollment and that I understand that I must meet the 5-year requirement to qualify for FEHB coverage after retirement.

**PART F** - *Fill in this part.*

WARNING: Any intentionally false statement in this application or willful misrepresentation relative thereto is a violation of the law punishable by a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001.)

1. Your signature *(Do not print)*: Amy N. Burkholder
2. Date: 10/27/00

**PART G** - *To be completed by agency*

1. Name and address of employing office: EEOC 500 W MADISON SUITE 2800 CHICAGO IL 60661
2. Date received in employing office: 10-27-00
3. Effective date of action: 11-5-00
4. SF 2811 report numb
5. Payroll office number: 45-01-0001
6. Payroll contact and telephone number: KEIVIN (816) 926-117
7. Personnel contact and telephone number: GARFIELD FREEMAN (312) 353-856
8. Signature of authorized agency official: Garfield Freeman
9. Phone number: (312) 353-856

Remarks: Husband loss Job -

FEHB
Federal Employees Health Benefits Program

# Notice of Change in Health Benefits Enrollment

## Part A - Identifying Information

| 1. Name (Last, first, middle initial) | 2. Date of birth | 3. Social security number |
|---|---|---|
| BURKHOLDER AMY N | 5-6-64 | 317827453 |

| 4. Home address (including ZIP Code) | 5. Payroll office number | 6. Enrollment code number |
|---|---|---|
| 2143 W THOMAS<br>CHICAGO IL 60622 | 45-01-0002 | 105 |
| | 7. SF 2811 Report number | 8. Date this action becomes effective |
| | | 9-23-01 |

Only the item that is checked below affects your enrollment. Read that item carefully and follow any pertinent instructions. Keep this form for your records.

## Part B - Termination

☐ Your enrollment terminates on the date in Part A, item 8, above. However, your coverage is extended for 31 days after that date. *Important Notice:* **You have the right to convert to an individual (nongroup) contract with the carrier of your plan. You also may have the right to temporarily continue your group coverage. See Part B - Termination** on the back of this form for information about 31-day extension of coverage, conversion, and temporary continuation of coverage.

If termination is due to death of enrollee enter date of death

Date of death (mo, dy, yr):

## Part C - Transfer In

☒ The new Payroll Office (or Retirement System) shown in Part H below has accepted transfer of this enrollment and will continue it.

## Part D - Reinstatement

☐ Your enrollment has been reinstated effective on the date in Part A, item 8, above.

## Part E - Change in Name of Enrollee

☐ The name under which this enrollment is carried has been changed to:

Name

Date of birth

Address (including ZIP Code) if different from Part A, item 4, above.

## Part F - Change in Enrollment-Survivor Annuitant

☐ Your enrollment has been changed from family coverage to self only. Your plan will send you a new identification card. Your new enrollment code number is shown below. (Note: This item is completed by Retirement Systems only.)

**New Enrollment Code Number**

## Part G - Remarks

## Part H - Date of Notice

*Note: Instructions for Employing Offices are on the back of Copy 4 of this form.*

| Name and address of agency (including ZIP Code) | Personnel contact and telephone number |
|---|---|
| DEPT OF INTERIOR - PAYROLL OPERATIONS<br>D-2663<br>700 W MANSFIELD AV<br>DENVER CO 80235 | GARFIELD FREEMAN (312)353-8562 |
| | **Payroll contact and telephone number** |
| | CHAROLETTE BROWN (303)969-7408 |

| Signature of authorized agency official | Date |
|---|---|
| Garfield Freeman | 1-28-02 |

Copy 1 - To Enrollee

FEHB
Federal Employees Health Benefits Program

# Notice of Change in Health Benefits Enrollment

## Part A - Identifying Information

| 1. Name (Last, first, middle initial) | 2. Date of birth | 3. Social security number |
|---|---|---|
| BURKHOLDER AMY | 5-6-64 | 317827453 |
| 4. Home address (including ZIP Code) | 5. Payroll office number | 6. Enrollment code number |
| 2143 W THOMAS ST CHICAGO IL 60622 | 45-01-0002 | 105 |
| | 7. SF 2811 Report number | 8. Date this action becomes effective |
| | | 9-23-01 |

Only the item that is checked below affects your enrollment. Read that item carefully and follow any pertinent instructions. Keep this form for your records.

## Part B - Termination

☐ Your enrollment terminates on the date in Part A, item 8, above. However, your coverage is extended for 31 days after that date. *Important Notice:* **You have the right to convert to an individual (nongroup) contract with the carrier of your plan. You also may have the right to temporarily continue your group coverage. See Part B - Termination** on the back of this form for information about 31-day extension of coverage, conversion, and temporary continuation of coverage.

If termination is due to death of enrollee enter date of death

Date of death (mo, dy, yr)

## Part C - Transfer In

☒ The new Payroll Office (or Retirement System) shown in Part H below has accepted transfer of this enrollment and will continue it.

## Part D - Reinstatement

☐ Your enrollment has been reinstated effective on the date in Part A, item 8, above.

## Part E - Change in Name of Enrollee

☐ The name under which this enrollment is carried has been changed to:

Name

Date of birth

Address (including ZIP Code) if different from Part A, item 4, above.

## Part F - Change in Enrollment-Survivor Annuitant

☐ Your enrollment has been changed from family coverage to self only. Your plan will send you a new identification card. Your new enrollment code number is shown below. (Note: This item is completed by Retirement Systems only.)

**New Enrollment Code Number**

## Part G - Remarks

## Part H - Date of Notice

*Note: Instructions for Employing Offices are on the back of Copy 4 of this form.*

| Name and address of agency (including ZIP Code) | Personnel contact and telephone number |
|---|---|
| PAYROLL OPERATIONS DIVISION D-2663 7201 W MANSFIELD AV DENVER CO 80235 | GARFIELD FREEMAN (312)3538562 |
| | Payroll contact and telephone number: CHARLOTTE BROWN (303)9697408 |
| Signature of authorized agency official: Garfield Freeman | Date: 2-7-02 |

Copy 1 - To Enrollee

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C. 20507

Office of
the Chair

DEC 3 - 2004

Amy N. Burkholder
718 Forest Avenue
Oak Park, Illinois 60302

Dear Ms. Burkholder:

This is in response to your request for waiver of your debt in the amount of $7,015.98 caused by EEOC's failure to deduct the employee's share of health insurance premiums from your pay. For the reasons discussed below, we must deny your request.

Although claims of the United States against an employee arising from erroneous overpayment of salary can be waived, see 5 U.S.C. § 5584, waiver requests must be denied if the employee was at fault in any way. "If an employee has records which, if reviewed, would indicate an overpayment, and the employee fails to review such documents for accuracy or otherwise fails to take corrective action, [s]he is not without fault, and waiver will be denied . . . ." In re Crawford, 62 Comp. Gen. 608 (1983). Thus, you had a duty to review your Statements of Pay and Leave, Notifications of Personnel Action, and all other available personnel documents, and to make an inquiry with appropriate officials if the accuracy of payments was called into doubt. The Comptroller General has held that employees who are overpaid due to an agency's failure to deduct premiums for health insurance are not entitled to waivers. See, e.g., In re Bolton, B-242,854 (June 5, 1991) (unpublished opinion of the Comptroller General) ("Ms. Bolton should have questioned the fact that no health insurance deductions were being withheld from her pay."). You are partially at fault, within the meaning of the waiver statute, because you failed to notice that no deductions for health benefits were being made in your Statements of Pay and Leave.

You assert that you filed all of the proper forms to apply for health insurance benefits and took no action that caused the EEOC to fail to deduct the premiums. While that may be the case, that does not change the result. Even when overpayments are caused by others' administrative errors, employees who are overpaid must repay the amount of overpayment when the error was discernible on their Statements of Pay and Leave. The EEOC's failure to deduct for health benefits was readily discernible on your Statements of Pay and Leave. Therefore, the debt cannot be waived. Moreover, the error was discovered by the Department of Interior in January 2002, and brought to your attention but, unfortunately, not corrected at that time. Amounts erroneously paid to an employee after the agency and the employee are aware of the error cannot be waived. See In re Miller, B-271,951 (Dec. 17, 1996) (unpublished opinion of the Comptroller General).

Finally, you state that you are being punished for the agency's error. Even though your situation

is unfortunate and understandably frustrating, you are not being punished. You are merely being asked to repay money to which you were not entitled. A review of your Statements of Pay and Leave should have revealed to you that you were being overpaid.

Sincerely,

Leonora L. Guarraia
Chief Operating Officer

cc: Jeffrey A. Smith, Chief Financial Officer
Angelica E. Ibarguen, Chief Human Capital Officer

LOCAL
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES AFL-CIO
3504

**Michael E. Davidson**
president
312-353-7374
Michael.Davidson@eeoc.gov

**Sam Johnson**
Vice president
313-226-5674

**Janel Smith**
Treasurer
312-353-9194

**Mary Ries**
Secretary
312-353-8181

**Konrad Batog**
Chief Steward
312-353-8900

**Stephanie Perkins**
Delegate
317-226-4623

**Susan Knose**
Alternate Delegate
317-226-5669

February 2, 2005

Angelica Ibarguen
Office of Human Resources
Equal Employment Opportunity Commission
1801 L Street N.W., Room 3002
Washington, D.C. 20507

Dear Ms. Ibarguen,

I write on behalf of Equal Employment Opportunity Commission (EEOC) Investigator Amy Burkholder to request a Hearing concerning a determination of debt to the United States Government incurred by Ms. Burkholder. Ms. Burkholder's official work station is in the Chicago District Office. This situation was murky at best originally has only become more involved at this point in time. Allow me to summarize.

Ms. Burkholder received Bill for Collection notice from the Department of the Interior (DOI), which is EEOC's pay center, dated September 13, 2004. She received an identical notice for an identical amount in October, 2004. Each Bill for Collection stated that Ms. Burkholder had ". . .received Federal salary payment in excess of the amount to which you were entitled. This constitutes a debt which is owed the United States." The amount of each of the two notices alleged overpayments was $7,015.98, respectively, and was owed for Health Benefits which were not deducted from Ms. Burkholder's pay.

In response, Ms. Burkholder requested a waiver of the alleged debt. Shortly after receiving the original September 13, 2004 Bill for Collection, Ms. Burkholder submitted a request that the alleged debt be waived. Upon receiving the second October, 2004 Bill for Collection, Ms. Burkholder again submitted a request that the alleged debt be waived. Ms. Burkholder has received no response whatsoever from DOI regarding her request for a waiver. Instead, Ms. Burkholder received a letter from EEOC Chief Operating Officer, Leonara Guarraia on or about December 3, 2004 denying Ms. Burkholder's request for a waiver. Ms. Guarraia's letter did not advise Ms. Burkholder of any rights she might have.

With this overview in mind, a Hearing is requested.

Sincerely,

Michael E. Davidson
President
Local 3504

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C. 20507

MAY 1 8 2005

Ms. Amy B. Burkholder
718 Forest Avenue
Oak Park, Illinois 60302

Re: Denial of Request for Hearing on Agency's Decision Denying Waiver Request

Dear Ms. Burkholder:

This letter is in response to your request for a hearing regarding the agency's decision denying your request for a waiver of the debt you owe the United States. The debt in the amount of $23,067.32 is for deductions not taken from your salary for health insurance premiums for the period November 5, 2000 to August 21, 2004 (pay period 24 of 2000 to pay period 18 of 2004).[1]

Regulations governing an EEOC employee's request for a hearing after the issuance of an agency decision denying the employee's request for a waiver are set forth in 29 C.F.R. Part 1650. The regulations provide that an employee is entitled to a hearing upon request prior to salary offset, on any issue that raises a significant question as to credibility or veracity of any individual(s) involved in his or her case. 29 C.F.R. §1650.107(a). The decision whether such a genuine issue exists will rest solely with the Commission. *Id.* The regulations further provide that a request for such a hearing must be filed within thirty (30) calendar days from the date of the written decision denying the waiver. 29 C.F.R.§ 1650.107 (b).

The record shows that your request for a hearing was not filed in a timely manner. The agency issued a decision denying your request for a waiver on December 3, 2004. (Agency Exhibit # 1, hereinafter A.E. #1). For timeliness purposes your request for a hearing had to be filed on or before January 3, 2005. You filed a request for a hearing on February 2, 2005, well beyond the 30 day time limit. (A.E. #2). Although you did not file your request for a hearing within the applicable time limit, the agency nevertheless will consider your request timely since the agency's decision did not advise you of the applicable time limit. [2]

---

[1] The agency's decision dated December 3, 2004 denied your request for a waiver of the debt in the amount of $7,015.98 for pay period 19 of 2003 to pay period 18 of 2004. However, upon further review of the record, we note that you submitted a second request to waive the entire debt. This decision will address the entire debt owed the United States totaling $23,067.32, which may not include interest, penalties and administrative costs accruing on the debt.

[2] The agency's failure to provide notice of the time limit to request a hearing did not result in any harm or prejudice to you as you were aware of your right to request a hearing as shown by the request submitted to the agency on your behalf and the agency deemed your request

Having found your request for a hearing to be timely filed, the agency must next determine whether you are entitled to a hearing. We find that you are not entitled to a hearing because there does not exist a significant question as to credibility or veracity of any individual involved in this matter. The issues involved in this matter, the determination of the debt and denial of your request for a waiver, are resolvable based on a review of the documentary evidence and do not turn on an issue of credibility or veracity.

It is undisputed that you enrolled in a health insurance plan for which health insurance premiums were required. (A.E. #3). The documentary evidence shows that for the period November 5, 2000 to August 21, 2004, deductions were not taken from your salary for health insurance premiums totaling $23,067.32. (A.E. #4). The documentary evidence of record further shows that throughout the overpayment period, the agency sent you bi-weekly leave and earning statements which showed that health insurance premiums were not being deducted. (A.E. #5). Hence, you had actual or constructive notice of the error with each and every bi-weekly leave and earning statement sent to you over the four year overpayment period. Moreover, in January 2002, you were contacted by the agency's payroll office and advised that health insurance premiums were not being deducted from your salary as required. Although the error was not corrected at that time for reasons not clear from the record, you were nevertheless placed on actual notice of the error.

It is well established in Comptroller General Decisions[3] that if an employee has records which, if reviewed, would indicate an overpayment, and the employee fails to review such documents for accuracy or otherwise fails to take corrective action, then she is not without fault and waiver will be denied. *Scott C. Thompson*, 73 Comp. Gen. 247 (August 2, 1994)(waiver of an employee's debt denied where agency failed to deduct premiums for health insurance coverage and employee was aware of receiving the erroneous overpayments); *Anna M. Leal-Guzman*, Comp. Gen. B-243-885 (August 27, 1991)(EEOC employee's request for a waiver denied where employee received leave and earning statements and reasonably could have expected to know that health insurance premiums were underpaid by agency); *Joella Campbell*, Comp. Gen. B-259,660, (June 8, 1995)(fault is considered to exists where an employee exercising reasonable diligence should have known that an error existed, but failed to take corrective action); *David L. Williams*, 70 Comp. Gen. 699 (September 6, 1991)(an employee on notice of an overpayment of pay has a duty to return the excess amount or set it aside for refund at such time as the administrative error is corrected and repayment sought).

---

to be timely filed.

[3] As a result of legislative and executive action, authority to waive overpayments of pay now resides with the heads of agencies, regardless of the amount. See the General Accounting Office Act of 1966, Pub. L. No. 104-316, 110 Stat. 3826, approved October 19, 1996, and Office of Management and Budget (OMB) Determination Letter of December 17, 1997.

Finding that you were not without fault, the agency denied your request for a waiver.[4] You had actual and/or constructive notice of the error and had a duty to return the erroneous payments or set them aside for refund until such time that the administrative error was corrected and repayment sought.

The agency's decision denying your request for a waiver of the debt and the agency's determination that there does not exist a genuine question of credibility which would require a hearing is final and is not subject to further administrative review. *See* OPM Compensation and Leave Case No. S003802 (January 24, 2004)(authority to waive overpayment of pay now resides with heads of agencies and Office of Personnel Management does not have jurisdiction to consider, or issue a decision on, the appeal of the employing agency's refusal to waive the claimant's indebtedness to the United States); *Ramirez v. Department of Army*, 86 MSPB 211 (June 22, 2000) (OPM will not review the merits of a creditor agency's claim or a creditor agency's decision that a hearing was not required).

This decision however, does not preclude you from filing a claim with the United States Court of Federal Claims to recover funds alleged to have been improperly withheld from your salary by the agency or as a bargaining unit employee, from filing a grievance pursuant to the negotiated grievance procedure to recover funds alleged to have been improperly withheld from your salary by the government.

Sincerely,

Angelica E. Ibarguen
Chief Human Capital Officer

cc: Michael E. Davidson, President Local 3406 w/o attachments

[4] The Chair of the EEOC delegated authority for waiver of claims for overpayment of salary to the Chief Operating Officer. EEOC Directive No. 130.001 (April 30, 2003) at Appendix E-3.