IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMY B. BURKHOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-359C |
| v. | ) | (Judge Baskir) |
| | ) | (ADR Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# JOINT PRELIMINARY STATUS REPORT

In compliance with Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's Special Procedures Order, dated June 2, 2006, the parties submit this Joint Preliminary Status Report.

## a. Does the court have jurisdiction over the action?

Plaintiff asserts that this Court has jurisdiction pursuant to 5 U.S.C. § 8912 and 28 U.S.C. § 1491(a)(1). See Complaint at ¶ 3.

Defendant states that this Court lacks subject matter jurisdiction because plaintiff has not alleged a money-mandating statute. See Lawrence v. United States, 69 Fed. Cl. 550, 553-55, appeal pending, No. 06-5065 (Fed. Cir.) (2006) (dismissing various claims seeking review of a discretionary denial to waive a debt owed to the United States, as in this case). Although § 8912 provides for a concurrent forum with United

States district courts over "a civil action or claim against the United States founded on this chapter," it is not money-mandating, see Rosano v.United States, 9 Cl. Ct. 137, 143-44 (1985), and plaintiff has not demonstrated any money-mandating basis within chapter 89 of title 5 upon which she might plausibly base any of her claims. For the same reasons, Ms. Burkholder has failed to state a claim upon which relief could be granted.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated?**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred at this time pending consideration of another case before this Court or any other tribunal. However, the parties note that the plaintiff in Lawrence has appealed that decision, as cited above by defendant.

**e. Will a remand or suspension be sought?**

The parties agree that no remand or suspension will be sought at this time.

**f. Will additional parties be joined?**

At this time, the parties do not believe that additional parties will need to be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and if so, a schedule for the intended filing?**

1. Filing of Motions

For the reasons stated in part (a) above, defendant intends to file a motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6). Plaintiff is opposed to defendant's motion. Plaintiff responds that Fisher v. United States, 402 F.3d 1167, 1173-74 (Fed. Cir. 2005), held a statute is money mandating when it can be fairly interpreted as mandating compensation for the breach of a duty it imposes. The word "may" in a statute is not determinative of whether a statute is money mandating. Rosano, 9 Ct. Cl. at 143-44, is not applicable to the present case, since it was an action in which a federal employee was seeking to sue over objectionable provisions, (i.e., abortion coverage) of the employee's health benefit plan. In the present case, Ms. Burkholder is suing for rights and obligations

under the Federal Employee Health Benefits Act. The Government is responsible for deduction of health benefit premiums, pursuant to 5 U.S.C. § 8906 (d). When the Government under withholds health benefit premiums, the Government is obligated to pay the premiums and may only collect the amount due under the standards set forth in 5 U.S.C. § 5584, which requires waiver of a debt based upon equity and good conscience. If this Court determines the Government breached its duty to deduct health benefit premiums as required by the statute and failed to apply standards of equity and good conscience, particularly after three notifications of correction, Ms. Burkholder is entitled to reimbursement for any payroll deductions caused by the Government's failure to fulfill its obligation.

Defendant replies that § 8906(d) is not pled in the complaint as a basis for this Court’s jurisdiction or Ms. Burkholder’s claims, and is not reasonably amenable to a reading that it mandates money damages. Section 8906(d) provides:

> The amount necessary to pay the total charge for enrollment, after the Government contribution is deducted, shall be withheld from the pay of each enrolled employee and (except as provided in subsection (i) of this section) from the annuity of each enrolled annuitant. The withholding for an annuitant shall be the same as that for an employee enrolled in the same health benefits plan and level of benefits.

5 U.S.C. § 8906(d). Nothing in this provision indicates that, when the Government does not withhold the employee's portion of her health insurance premium, that the employee would have a cause of action to recover money damages from the United States. Further, § 5584 is not money mandating because it is discretionary for the reasons described in Lawrence, 69 Fed. Cl. at 553-55, which considered Fisher. In addition, § 5584(b) prohibits waiver where "in [the authorized official's] opinion, there exists, in connection with the claim, an indication of . . . fault, or lack of good faith on the part of the employee," as was found in this case because Ms. Burkholder received actual notice in her pay statements that health insurance premiums were not being deducted.

In the event the Court does not grant defendant's motion to dismiss, defendant proposes that it file the administrative record ("AR") in this case, and that the parties file cross-motions for judgment on the administrative record ("JAR") pursuant to RCFC 52.1. Plaintiff is opposed to defendant's proposal to proceed upon the administrative record, and requests alternative dispute resolution ("ADR") and an expedited trial schedule.

2. Dispositive Motions Schedule

Defendant anticipates that, no later than 45 days after the preliminary status conference required by ¶ 3 of the Court's Special Procedures Order,

it will file a motion to dismiss. Subsequently, the parties expect to adhere to the provisions of RCFC 7.1 with respect to filing the opposition and reply.

In the event that the Court does not grant defendant's motion to dismiss, defendant proposes the following RCFC 52.1 filing schedule:

| **FILING** | **DATE** |
|---|---|
| a. Defendant will file the AR | 15 days after decision denying motion to dismiss |
| b. Plaintiff will file its motion for JAR | 30 days after decision denying motion to dismiss |
| c. Defendant will file its response and cross-motion for JAR | 60 days after decision denying motion to dismiss |
| d. Plaintiff will file its response and reply | 80 days after decision denying motion to dismiss |
| e. Defendant will file its reply | 95 days after decision denying motion to dismiss |

As stated above, plaintiff opposes defendant's proposal to proceed upon the administrative record.

**h. What are the relevant factual and legal issues?**

A brief statement of Ms. Burkholder's factual and legal assertions and the Government's factual assertions and legal defenses are summarized as follows:

**1. Plaintiff's Factual and Legal Assertions**

A. Facts

This is a claim for failure to waive and improper collection of health benefit premiums. On September 13, 2004 and October 12, 2004, the Equal Employment Opportunity Commission ("EEOC") notified Amy Burkholder, the EEOC had failed to deduct health benefit premiums. Ms. Burkholder requested a waiver of the debt based upon her attempts to correct the agency error on three occasions, January 15, 2002, January 28, 2002 and February 7, 2002. In a December 3, 2004 decision, the EEOC denied the request for a waiver; did not apply the standards of equity and good conscience; and did not notify Ms. Burkholder of her rights to a hearing for denial of the waiver. On February 2, 2005 Ms. Burkholder requested a hearing. On May 18, 2005, the EEOC denied Ms. Burkholder's request for a hearing. On March 1, 2006, the EEOC began biweekly deduction of the debt from Ms. Burkholder's pay, without prior notice as to the amount, frequency, or duration of the biweekly deductions.

B. Legal Issues

Ms. Burkholder asserts the legal issues are whether the EEOC failed to apply the proper standards of equity and good conscience in denying

the waiver and/or compromise of the debt; failed to provide Ms. Burkholder with due process and her right to a hearing on the debt; and failed to provide proper notice of the amount, frequency, beginning date and duration of biweekly deductions.

**2. Defendant's Factual And Legal Assertions**

A. Facts

During the period of November 5, 2000, to August 21, 2004, the Government did not deduct Ms. Burkholder's portion of health insurance premiums from her salary. See Complaint, Exhibit 7. The total accumulated amount the Government did not deduct over this time period was $23,067.32. Id. Ms. Burkholder continued to receive and use health insurance benefits during this time period. See Compl., Ex. 3 at 2 ("my family and I made periodic visits to medical facilities as needed without a problem"). Ms. Burkholder was a Federal employee and received biweekly leave and earnings statements at all times relevant to this action. See Compl., Ex. 7 at 2. Ms. Burkholder alleges that she attempted to correct the salary deductions on or about January 15, 2002, January 28, 2002, and February 7, 2002, by sending copies of enrollment forms to certain Government offices. Compl. at ¶ 9; see also Compl., Ex. 4 at 1. However, health insurance premium salary deductions did not resume until the pay

period beginning on or about August 22, 2004. See Compl., Ex. 7 ¶¶ 5,10.

B. Legal Issues

This is a case in which plaintiff is seeking review of the denial to waive a debt owed to the United States because the Government did not deduct health insurance premium payments from her salary. The Court lacks subject matter jurisdiction pursuant to RCFC 12(b)(1) because Ms. Burkholder has failed to rely upon any money-mandating statute, or claim any other legitimate basis for jurisdiction. This case should also be dismissed pursuant to RCFC 12(b)(6) because Ms. Burkholder has not stated a claim upon which relief could be granted. See Part (a).

In the event that the Court denies defendant's motion to dismiss, and determines that it possesses jurisdiction, Ms. Burkholder is not entitled to relief. Ms. Burkholder was not entitled to a discretionary waiver of the undisputed debt she owed to the United States because she received constructive and actual notice of the lack of deductions to her salary, she received and had available the amounts that should have been paid as health insurance premiums, and she received and used the health insurance benefits for which deductions were not taken. Therefore, Ms. Burkholder was partially at fault and is not eligible for a discretionary waiver of the debt upon the basis asserted (equity and good conscience).

In addition, Ms. Burkholder was accorded all of the process to which she was due, she was not entitled to a hearing, and she was provided adequate notice. To the extent the notice may be found to be inadequate, Ms. Burkholder suffered no harm as a result. Further, Ms. Burkholder is not entitled to attorney fees, or any other relief she requests in her complaint.

**i. What is the likelihood of settlement?**

Plaintiff believes this matter could be resolved by ADR and requests the matter be referred to ADR, prior to discovery in this matter.

Defendant believes that settlement is very unlikely given the parties' discussions to date, this Court's lack of jurisdiction over Ms. Burkholder's claims and Ms. Burkholder's failure to state a claim upon which relief could be granted, and because the agency has already permitted Ms. Burkholder a generous three-year payment plan in which to repay her debt.

**j. Do the parties anticipate proceeding to trial?**

Plaintiff believes this matter can proceed under an expedited trial schedule. Plaintiff is opposed to proceeding on the administrative record in this case. Factual matters are outstanding as to the defendant's actions in processing Ms. Burkholder's enrollment forms and the facts considered in reaching a determination on the waiver and collection of debt. Discovery in

this matter can be completed in 90 days; the trial will take no more than two days; and a bench ruling is appropriate in this case.

Defendant believes this matter should be resolved by its intended motion to dismiss. In the event the Court does not grant defendant's motion to dismiss, this case should proceed on the administrative record pursuant to RCFC 52.1. Defendant believes that the administrative record would include adequate and complete information regarding the relevant issues in this case.

**k. Are there special issues regarding electronic case management needs?**

No.

**l. Is there other information which the court should be aware of at this time?**

No.

## III. PROPOSED DISCOVERY PLAN

Plaintiff proposes the following discovery schedule:

| | DATE |
|---|---|
| a. Fact discovery | December 1, 2006 to January 31, 2007 |
| b. Exchange of witness and exhibit lists | January 31, 2007 |
| c. Depositions | January 1, 2007 to February 28, 2007 |

Defendant believes discovery is unnecessary because this case should properly be resolved by a motion to dismiss, or by cross-motions for JAR. If the Court determines discovery is appropriate, defendant proposes the following discovery schedule:

| | **DATE** |
|---|---|
| a. Last day to serve initial disclosures | 30 days after decision denying motion to dismiss |
| b. Last day to serve discovery requests | 90 days after decision denying motion to dismiss |
| c. Last day to conduct fact depositions | 145 days after decision denying motion to dismiss |
| d. Exchange of witness lists | 160 days after decision denying motion to dismissd. |

Respectfully submitted,

/s/ Barbara B. Hutchinson
Barbara B. Hutchinson
Attorney for Plaintiff
7907 Powhatan Street
Telephone: (301) 577-3387
Facsimile: (301) 577-3764

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Jeffrey S. Pease

JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-0292
Fax: (202) 514-8624

Attorneys for Defendant

August 25, 2006

CERTIFICATE OF FILING

I hereby certify that on this 25th day of August 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease