IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMY B. BURKHOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-359C |
| v. | ) | (Judge Baskir) |
| | ) | (ADR Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to the Court's scheduling order on October 27, 2006, and Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss Amy B. Burkholder's complaint, in part, for lack of subject matter jurisdiction and, to the extent the Court may determine it possesses subject matter jurisdiction, in remaining part for failure to state a claim upon which relief could be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

Of Counsel:

LYNN DICKINSON
EEOC, Office of Legal Counsel
1801 L St., N.W., 6th Floor
Washington, D.C.

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 353-7991
Fax: (202) 514-8624

Attorneys for Defendant

December 11, 2006

No. 06-359C
(JUDGE BASKIR)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMY B. BURKHOLDER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Of Counsel:

LYNN DICKINSON
EEOC, Office of Legal Counsel
1801 L St., N.W., 6th Floor
Washington, D.C.

December 11, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

PAGE

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. Standard Of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. The Complaint Should Be Dismissed, In Part, For Lack Of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . 7

A. Ms. Burkholder Fails, In Part, To Rely Upon A Money-Mandating Statute, Regulation, Or Clause Of The Constitution . . . . . . . . . . . . . . . . . . . . . . . 8

1. Constitutional Due Process . . . . . . . . . . . . . . . . . . . 9

2. Debt Collection And Compromise . . . . . . . . . . . . 10

3. Health Benefits Act . . . . . . . . . . . . . . . . . . . . . . . . 11

4. Debt Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

III. To The Extent The Court Determines It Possesses Jurisdiction To Decide Any Of Ms. Burkolder's Claims, The Complaint Should Be Dismissed For Failure To State A Claim . . . . . . . . . . . . . 14

A. Ms. Burkholder Has Not Pled A Claim For Money Damages . . . . . . . . . . . . . . . . . . . . 14

B. Ms. Burkholder Has Not Alleged Facts Sufficient To Entitle Her To Discretionary Waiver Of Her Undisputed Debt . . . . . . . . . . . . . . . . . . 15

C. Ms. Burkholder Has Not Alleged Sufficient Facts To Entitle Her To Money Damages For "Improper Collection" . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

AUTHORITIES PAGE(S)

Bank One, Michigan v. United States,
62 Fed. Cl. 474 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Bowen v. Massachusetts,*
487 U.S. 879 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Bradley v. Chiron Corp.,
136 F.3d 1317 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Coney v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Contreras v. United States,
64 Fed. Cl. 583 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fisher v. United States,*
402 F.3d 1167 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Holly v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Larson v. Domestic and Foreign Commerce Corp.,
337 U.S. 682 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Lawrence v. United States,*
69 Fed. Cl. 550 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 13, 17

LeBlanc v. United States,
50 F.3d 1025 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

McCauley v. United States,
38 Fed. Cl. 250 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TABLE OF AUTHORITIES (cont'd)

AUTHORITIES PAGE(S)

Ponder v. United States,
117 F.3d 549 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rosano v. United States,**
9 Cl. Ct. 137 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Taylor v. United States,
303 F.3d 1357 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Wopsock v. Natchees,
454 F.3d 1327 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

FEDERAL STATUTES

5 U.S.C. §§ 701-706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5 U.S.C. § 5514* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 9, 15, 17

5 U.S.C. § 5584* . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7, 9, 12, 13, 16, 17, 18

5 U.S.C. § 8906(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

5 U.S.C. § 8912 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 11, 12, 13

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

31 U.S.C. § 3711 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMY B. BURKHOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-359C |
| v. | ) | (Judge Baskir) |
| | ) | (ADR Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to the special procedures order filed on June 2, 2006, the scheduling order filed on October 27, 2006, and Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant files this memorandum in support of its motion to dismiss Amy B. Burkholder's complaint, in part, for lack of subject matter jurisdiction and, to the extent the Court may determine it possesses subject matter jurisdiction, in remaining part for failure to state a claim upon which relief could be granted.

The majority of Ms. Burkholder's complaint fails to assert a valid basis upon which this Court may exercise jurisdiction. The only claim over which this Court arguably may possesses jurisdiction is that in which Ms. Burkholder alleges an illegal exaction (which she refers to as "improper collection") – that the Government allegedly violated the installment

deduction statute, 5 U.S.C. § 5514, by deducting pay from her salary without appropriate procedural protections and in excess of the 15 percent per pay period maximum permitted by law. However, her illegal exaction allegations fail to state a claim for money damages upon which relief can be granted because Ms. Burkholder does not dispute that her debt to the United States is due and owing. In addition to failing to state a claim for illegal exaction based upon the installment deduction statute, assuming for the sake of argument that the debt waiver statute, 5 U.S.C. § 5584, could also be fairly interpreted to mandate money damages, Ms. Burkholder has further failed to allege sufficient facts to state a claim for money damages upon which relief could be granted pursuant to the debt waiver statute, 5 U.S.C. § 5584.

## STATEMENT OF FACTS

For the purposes of this motion to dismiss, the Government assumes, without admitting, the facts alleged by Ms. Burkholder in her complaint and its supporting exhibits. During the period of November 5, 2000, until August 21, 2004, the Government did not deduct the employee portion of health insurance premiums from Ms. Burkholder's salary. See Plaintiff's Complaint Exhibit 7. The total amount the Government did not deduct was

$23,067.32. Id. Ms. Burkholder continued to receive and use health insurance benefits during this period. See Compl. Ex. 3, at 2 ("[M]y family and I made periodic visits to medical facilities as needed without a problem"). Ms. Burkholder received standard Federal employee biweekly leave and earnings statements at all times relevant to this action, thereby providing her actual or constructive knowledge of the overpayments. See Compl. Ex. 7, at 2. Ms. Burkholder attempted to correct the salary deductions on or about January 15, 2002, January 28, 2002, and February 7, 2002, by sending copies of enrollment forms to certain Government offices. Compl. ¶ 9; see also Compl. Ex. 4, at 1. However, health insurance premium salary deductions did not resume until the pay period beginning on or about August 22, 2004. See Compl. Exs. 5, 7. Ms. Burkholder has alleged no other efforts she made to correct the omitted salary deductions at any time after they ceased in November 2000, or before mid-September 2004. See Compl. ¶ 9; Compl. Ex. 6.

On September 13, 2004, and October 12, 2004, the Government notified Mr. Burkholder in writing of the basis and amount of the debt that had accrued. See Compl. Exs. 1, 2. These letters from the Government informed Ms. Burkholder of her right to inspect and copy records relating to

the debt, the right to a hearing on each debt if requested within 15 days of receipt of each letter, and her right to request waiver of the debt. Id. In response to each letter, Ms. Burkholder requested waiver of her debt. See Compl. Exs. 3, 6. On December 3, 2004, the Government denied Ms. Burkholder's waiver requests in writing. See Compl. Ex. 5. The Government's letter, which considered Ms. Burkholder's arguments in support of her request, denied her request pursuant to decisions of the Comptroller General of the United States that prohibit waiver when an employee is partially at fault because she possessed records (such as leave and earnings statements) that reflected the overpayment. See Compl. Ex. 5.

On February 2, 2005, Ms. Burkholder requested a hearing "concerning a determination of debt to the United States Government" through her union representative, Michael E. Davidson, President, Local 3504, American Federation of Government Employees AFL-CIO. See Compl. Ex. 6. On May 18, 2006, the Government denied Mr. Burkholder's request for a hearing, finding that the issues did not "turn on an issue of credibility or veracity." See Compl. Ex. 7. Finding that a determination of the validity of the debt did not require an oral hearing, the Government

denied Ms. Burkholder's request for a hearing, and finally determined that Ms. Burkholder was not entitled to a waiver of the debt. Id.

Ms. Burkholder filed the complaint in this case on May 4, 2006. In her complaint, Ms. Burkholder claims that the Government denied her due process when it did not provide her notice of "the standards for a hearing and her rights to a hearing," Compl. ¶ 7; that the Government "did not apply the standards of equity and good conscience" to her request for a waiver, Compl. ¶ 12; and that the Government began salary offset deductions without first informing her of the amount, frequency, and duration of the deductions, Compl. ¶ 15. Ms. Burkholder requests declaratory relief that she was denied due process, a hearing, and waiver; injunctive relief requiring the Government to waive her debt and refund any debt payments already deducted; and attorneys fees and costs. See Compl. ¶ 17 ("Relief").

## ARGUMENT

### I. Standard of Review

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." RCFC 12(h)(3). "Determination of jurisdiction starts with the

complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holly v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). "In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a claim, the allegations of the complaint should be construed favorably to the pleader." McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (other citations omitted).

Pursuant to RCFC 8(a)(1), a plaintiff need only state "a short and plain statement of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss." McCauley, 38 Fed. Cl. at 263 (internal quotation marks omitted). Accord Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

A motion to dismiss pursuant to RCFC 12(b)(6), for failure to state a claim upon which relief can be granted, is appropriate when a plaintiff's

alleged facts do not entitle the plaintiff to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Dismissal pursuant to RCFC 12(b)(6) is proper when it is apparent that a plaintiff can prove no set of facts in support of its claim that would entitle the plaintiff to relief. Ponder v. United States, 117 F.3d 549, 552 (Fed. Cir. 1997) (citing Coney v. Gibson, 355 U.S. 41, 45-46 (1957)).

## II. The Complaint Should Be Dismissed, In Part, For Lack Of Jurisdiction

The plaintiff bears the burden of establishing subject-matter jurisdiction. See Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002). Ms. Burkholder alleges in the complaint that this Court possesses jurisdiction pursuant to 5 U.S.C. § 8912 and 28 U.S.C. § 1491(a)(1), and states that the action is brought pursuant to 31 U.S.C. § 3711 (authorizing Federal agencies to compromise claims), 5 U.S.C. § 5514 ("installment deduction statute") (authorizing agencies to withhold monies owed to the United States from Federal employees' salaries), and 5 U.S.C. § 5584 ("debt waiver statute") (authorizing agencies to waive repayment of certain debts). Compl. ¶ 3.

A. Ms. Burkholder Fails, In Part, To Rely Upon A Money-Mandating Statute, Regulation, Or Clause Of The Constitution

The Tucker Act, 28 U.S.C. § 1491(a)(1), provides the United States Court of Federal Claims jurisdiction to:

> render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort.

Id. The Tucker Act serves to waive sovereign immunity for certain categories of claims against the United States for money damages, and provides jurisdiction to this Court to hear such claims, but "a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); see also Lawrence v. United States, 69 Fed. Cl. 550, 554, aff'd in unpublished disposition, No. 2006-5065, 2006 WL 3358393 (Fed. Cir. Nov. 14, 2006). To create a right to money damages and vest this Court with jurisdiction, an alleged money-mandating source must be reasonably amenable to a reading that it is "'fairly . . . interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" Fisher, 402 F.3d at 1173-74 (quoting United

States v. Mitchell, 463 U.S. 206, 217(1983)).

The complaint appears to allege that four statutes and the United States Constitution mandate money damages: 5 U.S.C. §§ 5514, 5584, 8912, 31 U.S.C. § 3711, and the Due Process clause of the Fifth Amendment. However, only the "improper collection" claim based upon § 5514 may vest this Court with jurisdiction to award relief.

1. Constitutional Due Process

Ms. Burkholder alleges that she was denied certain due process rights including rights to notice and a hearing before an impartial factfinder. See Compl. ¶¶ 4-7. Although imprecise, these claims appear to be invoking the Due Process Clause of the Fifth Amendment to the United States Constitution. Alternatively, these claims may be construed as attempting to challenge the agency's alleged failure to follow applicable statutory and regulatory requirements pursuant to the Administrative Procedures Act ("APA"). See 5 U.S.C. §§ 701-706. However, it is well-established that this Court does not possess jurisdiction over claims pursuant to the Due Process Clause or the APA because neither source mandates money damages. See, e.g., Wopsock v. Natchees, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (the APA is not money mandating); LeBlanc v.

United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (the Due Process Clause and the Equal Protection Clause are not money mandating); see also Lawrence, 69 Fed. Cl. at 554.

2. Debt Collection And Compromise

Ms. Burkholder alleges 31 U.S.C. § 3711 as a basis for this action, but there is no indication in the complaint of what aspect of the authority to collect or compromise a claim of the United States upon which she relies. See Compl. ¶ 3. Subsections (a) through (i) of § 3711 allow agencies to collect debts, refer debts for collection, compromise debts, stay debt collection, and otherwise resolve debts. However, Ms. Burkholder has not alleged, nor has defendant discovered any express or implied requirement in § 3711 for the United States to pay money damages to an employee when a debt is owed to the Government, regardless of whether that debt is being collected, is delinquent, has been referred for collection, has or has not been compromised, or if collection is stayed. Therefore, 31 U.S.C. § 3711 provides no money mandate and no basis for this Court to exercise jurisdiction pursuant to the Tucker Act.

3. Health Benefits Act

Ms. Burkholder also alleges 5 U.S.C. § 8912 of the Health Benefits Act ("HBA") as a money-mandating source of this Court's jurisdiction. Section 8912 provides:

> The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter.

5 U.S.C. § 8912. Although, on its face, this language concerns the Court's jurisdiction, the referenced "civil action or claim against the United States founded on this chapter" must mandate money damages to bring the action or claim itself within this Court's jurisdictional grant. Rosano v. United States, 9 Cl. Ct. 137, 144 (1985). Ms. Burkholder has alleged no such money-mandating provision of Chapter 89 of Title 5 of the United States Code, nor has defendant discovered any. In the parties' joint preliminary status report, Ms. Burkholder contended that § 8906(d) was a jurisdictional basis for her HBA cause of action, however, § 8906(d) is not pled in the complaint, nor does it mandate money damages. Section 8906(d) provides:

> The amount necessary to pay the total charge for enrollment, after the Government contribution is deducted, shall be withheld from the pay of each

> enrolled employee and (except as provided in subsection (i) of this section) from the annuity of each enrolled annuitant. The withholding for an annuitant shall be the same as that for an employee enrolled in the same health benefits plan and level of benefits.

5 U.S.C. § 8906(d). Nothing in this provision could be fairly interpreted to require that, if the Government does not withhold the employee's portion of her health insurance premium, the employee would be entitled to recover money damages from the United States. Therefore, § 8912 also does not provide this Court with jurisdiction.

4. Debt Waiver

Ms. Burkholder further alleges jurisdiction pursuant to 5 U.S.C. § 5584, which authorizes agencies to waive debts owed to the United States absent certain circumstances. Compl. ¶¶ 3, 8-16. This statute provides (in relevant part):

> (a) A claim of the United States against a person arising out of an erroneous payment of pay or allowances . . . , the collection of which would be against equity and good conscience and not in the best interests of the United States, may be waived . . .
> . . . .
> (b) The authorized official or the head of the agency, as the case may be, may not exercise his authority under this section to waive any claim –

> (1) if, in his opinion, there exists, in connection with the claim, an indication of fraud, misrepresentation, fault, or lack of good faith on the part of the employee or any other person having an interest in obtaining a waiver of the claim;

5 U.S.C. § 5584 (emphasis added). This Court recently held that § 5584 does not create a right to money damages. Lawrence v. United States, 69 Fed. Cl. 550, 554-55. In Lawrence, this Court determined that a waiver decision under 5 U.S.C. § 5584 is discretionary because of the use of the permissive language in § 5584(a) ("may be waived"). Id. at 555-56. Therefore, § 5584 "cannot be fairly interpreted as mandating payment of money and cannot form the basis of this Court's Tucker Act jurisdiction." Id. at 556; see also Contreras v. United States, 64 Fed. Cl. 583, 592-93 (2005) ("Because the provision does not use mandatory language, a very strong, but rebuttable, presumption arises that the . . . provision is non-money-mandating.").

## III. To The Extent The Court Determines It Possesses Jurisdiction To Decide Any Of Ms. Burkolder's Claims, The Complaint Should Be Dismissed For Failure To State A Claim

### A. Ms. Burkholder Has Not Pled A Claim For Money Damages

Ms. Burkholder characterizes this case in the complaint by asserting that "[t]his is an action for failure to waive and/or compromise collection of health benefit premiums required to be withheld from an employee's pay." Compl. ¶ 3. Further, Ms. Burkholder does not request money damages in the "Relief" portion of the complaint, she requests only declaratory and injunctive relief that, if granted, could result in the payment of money. Compl. ¶ 17 ("Relief"). Such specific relief is not properly characterized as "money damages," and fails to state a claim upon which relief could be granted in this Court. See Bowen v. Massachusetts, 487 U.S. 879, 893 (1988):

> Our cases have long recognized the distinction between an action at law for damages – which is intended to provide a victim with monetary compensation for an injury to his person, property, or reputation – and an equitable action for specific relief – which may include an order providing for the reinstatement of an employee with back pay, or for the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions. Larson v. Domestic and Foreign Commerce Corp., 337

> U.S. 682, 688 . . . (1949) . . . . The fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as "money damages."

Id. Although this Court may possess jurisdiction to decide a claim for an illegal exaction resulting from the Government's alleged violation of the installment deduction statute, 5 U.S.C. § 5514, the fact that Ms. Burkholder does not dispute the underlying debt precludes a remedy in this Court, as explained below in subsection C.

This Court should not construe Ms. Burkholder's claims as requesting money damages in this case because she does not dispute the debt that she owes to the United States, she merely contests the Government's refusal to waive the debt, and alleges a failure to follow procedures that generally limit collection of debts. However, to the extent that this Court may construe these allegations as claims for money damages pursuant to money-mandating statutes, they fail to state claims upon which relief could be granted for the following reasons.

B. Ms. Burkholder Has Not Alleged Facts Sufficient To Entitle Her To Discretionary Waiver Of Her Undisputed Debt

Assuming for the sake of argument that the Court possesses jurisdiction to decide a claim brought pursuant to the debt waiver statute,

5 U.S.C. § 5584, Ms. Burkholder has not alleged sufficient facts to state a claim for relief based upon that statute. Section 5584 contains two relevant clauses restricting an agency's permissive authority to waive debts. The first clause contains a two-part requirement that a debt may be waived only if its "collection . . . would be against equity and good conscience and not in the best interests of the United States." 5 U.S.C. § 5584(a) (emphasis added). Only half of this two-part requirement has been alleged in the complaint. Ms. Burkholder has alleged that collection would be against equity and good conscience, Compl. ¶¶ 3, 12, 16, but has not alleged that collection would not be in the best interests of the United States.

The second restrictive clause of § 5584 provides that "[t]he authorized official or the head of the agency . . . may not exercise his authority . . . to waive any claim . . . if, in his opinion, there exists, in connection with the claim, . . . fault, or lack of good faith on the part of the employee." 5 U.S.C. § 5584(b) (emphasis added). Ms. Burkholder alleges that the authorized official in this case found her "partially at fault for failing to notice health insurance deductions had not been made." Compl. ¶ 11; see also Compl. Ex. 5. She does not allege that she was not at fault, she merely relies upon her allegations that waiver should have been granted

solely based upon grounds of equity and good conscience.

Ms. Burkholder has not alleged facts that if proven true would entitle her to a discretionary waiver because, even assuming waiver would be in accord with "equity and good conscience," the remaining plain language statutory requirements of the best interests of the United States and a lack of fault are not met. See 5 U.S.C. §§ 5584(a),(b). Consequently, even assuming that the Court possesses jurisdiction to decide Ms. Burkholder's claim for waiver of the undisputed debt, and accepting Ms. Burkholder's factual allegations as true, she has failed to state a claim upon which relief could be granted pursuant to the debt waiver statute, 5 U.S.C. § 5584.

C. Ms. Burkholder Has Not Alleged Sufficient Facts To Entitle Her To Money Damages For "Improper Collection"

Although this Court possesses jurisdiction to decide claims for illegal exaction, arguably including a claim such as Ms. Burkholder's allegation of an "improper collection" in contravention of the installment deduction statute, 5 U.S.C. § 5514, Ms. Burkholder fails to allege sufficient facts to demonstrate that she is entitled to money damages on this claim.

Ms. Burkholder fails to state a claim for illegal exaction because she does not dispute the validity of the debt. See Lawrence, 69 Fed. Cl. at 557 ("The offset Plaintiff is challenging would be an illegal exaction only if Plaintiff

were 'not a debtor to the United States in the amount of the offset.' [Bank One, Michigan v. United States, 62 Fed. Cl. 474, 480 (2004)]. Plaintiff does not contest that he was overpaid . . . and he has acknowledged that his debt is due and owing.").

Ms. Burkholder admits that the Government did not deduct the portion of health insurance premiums she was required to pay. See Compl. ¶¶ 4, 5, 9, 12. She continued to receive and use health insurance benefits during this period. See Compl. Ex. 3, at 2 ("[M]y family and I made periodic visits to medical facilities as needed without a problem"). Ms. Burkholder has not otherwise alleged that her debt to the United States in the amount of $23,067.32 is not a valid debt that is presently due and owing. See Compl. ¶¶ 4, 5. Instead, she alleges procedural violations and claims that the debt should have been waived pursuant to 5 U.S.C. § 5584 (a separate claim that is not within this Court's jurisdiction and is without merit, as discussed above).

As a result, there is no question that the United States is entitled to the portion of the debt it possesses as a result of salary deductions, the only question is whether the agency followed proper procedures in recovering it. Thus, Ms. Burkholder has not stated a claim for money

presently due and owing because it is undisputed that it is she who owes the Government money, not vice versa.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court dismiss the complaint in part for lack of jurisdiction, and in remaining part for failure to state a claim upon which relief could be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

Of Counsel:

LYNN DICKINSON
EEOC, Office of Legal Counsel
1801 L St., N.W., 6th Floor
Washington, D.C.

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 353-7991
Fax: (202) 514-8624

Attorneys for Defendant

December 11, 2006

CERTIFICATE OF FILING

I hereby certify that on this 11th day of December 2006, copies of the foregoing “DEFENDANT’S MOTION TO DISMISS” and “MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS” were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ Jeffrey S. Pease