# TABLE OF CONTENTS

**TABLE OF CASES AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . . .ii

**STANDARD OF REVIEW**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT**. . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

_____**I. A Court Has Subject Matter Jurisdiction, If Money Damages May Be Inferred By A Breach Of A Duty**. . . . .4

**II. Dismissal Of A Complaint For Failure To State A Claim is Disfavored** . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

## TABLE OF CASES, STATUTES AND AUTHORITIES

* *Bowers v. Nuclear Regulatory Commission, 65 Comp. Gen. 216, B-219122, (Jan. 22, 1986).* . . . . . . . 4,8

*Bowen v. Massachusetts*, 487 U.S. 879(1988). . . . . . . . . 6

* *Fisher v. United States*, 402 F.3d. 1167, (Fed.Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

* *Kingman Park Civic Ass'n v. Williams,* 348 F.3d. 1033 (D.C. Cir. 2003). . . . . . . . . . . . . . . . . . . . 3

*Lawrence v. Unit*ed States, 69 Fed. Cl. 550(2006) . . . . . 5

* *Rapp v. Court of Veterans Appeals, 73 Comp. Gen. 105, B-253937 (Mar.* 2, 1994). . . . . . . . . . . . . . . . . . . . . . . . . .4, 8

*Rosano v. United States,* 9 Cl.Ct. 137 (1985). . . . . . . . . 6

* *United States v. Navajo Nation,* 537 U.S. 488 (2003) . . 2, 3, 5, 6

## STATUTES

5 U.S.C. §§ 5584, 8906, 8912. . . . . . . . . . . . . . . . . . . . 1, 2, 4, 6, 7

28 U. S. C. § 1491. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## AUTHORITIES

5 C.F.R. § 890.502. . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2

Fed.R.Civ. P. Rule 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . 3

RCFC Rule 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

* Cases principally relied upon are marked with an asterisk

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMY B. BURKHOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-359C |
| v. | ) | (Judge Baskir) |
| | ) | (ADR Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF AMY BURKHOLDER'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Amy Burkholder, (Ms. Burkholder), files this response in opposition to Defendant's Motion to Dismiss. On December 11, 2006, in accordance with this Court's October 27, 2006 Scheduling Order, the Government filed a motion seeking dismissal of Ms. Burkholder's action on two grounds. The Government asserts dismissal is warranted on the basis of lack of subject matter jurisdiction or alternatively for failure to state a claim upon which relief can be granted. The Government has conceded for purposes of its motion, all facts asserted by Ms. Burkholder, in her complaint, are true, see: *Defendant's Motion to Dismiss,* p. 2.

Standard of Review

Ms. Burkholder filed this case asserting jurisdiction, based upon 5 U.S.C. § 8912, the Federal Employee Heath Benefit Act (FEHB) and 5 U.S. C. § 1491(a)(1), the Tucker Act. The Tucker Act grants jurisdiction to the

Federal Court of Claims for all claims against the government founded upon an act of Congress, the Constitution, regulations or upon an express or implied contract or for liquidated or unliquidated damages in case on sounding in tort. The FEHB specifically authorizes disputes arising under the statute to be brought in the Federal Court of Claims. 5 U.S.C. § 8906(d) requires the government to withhold the premium amount from an employees pay. 5 C.F.R. § 890.502(c) sets out procedures when an agency fails to withhold the proper health benefit premiums and requires an agency to pay the amount due, regardless of when or whether the agency recovers the premiums. A determination to waive collection of the overpayment of pay caused by the failure to withhold premiums must be made, pursuant to the requirements of 5 U.S.C. 5584, the Debt Collection Act.

Subject matter jurisdiction is an issue which may be decided by this Court sua sponte or upon motion by a party, *Fisher v. U.S.*, 402 F.3d. 1167, 1173 (Fed.Cir. 2005). To establish subject matter jurisdiction, *Fisher*, at 1172 held ". . .[A] plaintiff need only make a non-frivolous allegation that the statue or regulation may be interpreted as money-mandating." *Fisher,* at 1174, relied upon *U.S. v. Navajo Nation*, 537

U.S.488, 506 (2003), which held a plaintiff must establish a substantive source of law, by statute and/or regulation which establishes a specific fiduciary or other duties upon the government and assert the government failed to perform the duties. For purposes of establishing subject matter jurisdiction, the statute or regulation need not expressly provide for money damages and the availability of money damages may be inferred, *Id.* If a claim can be fairly interpreted as requiring compensation for damages sustained as a result of a breach of the government's duties, dismissal for lack of jurisdiction is not appropriate, *Fisher*, *supra.* at 1173.

RCFC Rule 12(b)(6) permits dismissal of a claim for failure to state a claim upon which relief can be granted. Rule 12(b)(6) applies the same standard as Fed.R.Civ.P. 12(b)(6) and is a ruling on the merits of a claim, *Fisher,* at 1172. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d. 1033, 1039-40 (D.C. Cir. 2003), set forth the accepted standard for dismissal for failure to state a claim. In deciding a motion to dismiss for failure to state a claim, a court must accept all of a plaintiff's factual allegations as true and all inferences derived from the facts must be construed in favor of the plaintiff, *Id.* Rule 12(b)(6) motions test the legal sufficiency of the complaint and a complaint, under the liberal rules of notice pleading should

not be dismissed unless it appears a plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief, *Id.* at 1040.

The standard for waiver of claims under 5 U.S.C. § 5584 has been set forth in decisions of the Comptroller General. *Bowers v. Nuclear Regulatory Commission*, 65 Comp.Gen. 216, 219-21, B-219122, January 22, 1986, explained waiver under the Debt Collection Act, under equity and good conscience is appropriate when the error is the fault of the agency and the employee seeks to correct the error of the agency. Fault cannot be imputed to the employee for any overpayment which result from acts outside the control of the employee, *Id.* *Rapp v. Court of Veterans Appeal*, 73 Comp. Gen. 105, 109, B-253937, March 2, 1994 held an employee is at fault if an employee discovers an error and does not alert officials.

<u>Argument</u>

<u>A Statute Is Money Mandating If A Breach Of The Government's Duty Infers Recovery of Liquidated or Unliquidated Damages</u>

In the present case, it is undisputed that the Government had a duty to withhold health benefit premiums from Ms. Burkholder's pay and failed to withhold such payments, due to an error on the part of the Agency, *Comp.* ¶ 8-9. The FEHB and the regulations require the Government to withhold the payments and to pay under withheld payments regardless of whether

the payments are subsequently repaid. Disputes which arise over collection of under withheld premiums involve and relate to whether the Government has breached its duty imposed by the statute to withhold monies from an employee's pay.

As stated in *Navajo Nation, supra.* and *Fisher, supra*. , a fair interpretation is what is required and disputes which arise over the payment or under payment of health insurance premiums involve money damages. The statute does not have to expressly authorize the award of damages for this Court to have subject matter jurisdiction. The Tucker Act authorizes jurisdiction in the Federal Court of Claims for all claims which arise under the Constitution, laws, and regulations in which a party may recover money damages, liquidated or unliquidated. For purposes of determining jurisdiction, the Court must look to whether the FEHB has imposed a duty upon the Government which was breached when it failed to withhold the premiums from Ms. Burkholder's pay.

In this case, the complaint asserts jurisdiction under the Tucker Act, the FEHB, and the regulation which imposes the duty upon the Government to collect and pay the health benefit premium. The Government, relying on *Fisher*, *supra.* , *Lawrence v. U.S.* , 69 Fed.Cl. 550,

554, (2006),

*Bowen v. Massachusetts*, 487 U.S. 879 (1988), and *Rosano v. U.S.*, 9 Cl.Ct. 137 (1985) misinterprets the requirement of the Tucker Act, asserting the FEHB must authorize money damages for the Court to have jurisdiction, *Government's brief,* pp. 7-13. *Navajo Nation, supra.*, at 506, specifically rejected such a principle, stating: "The analysis must train on specific rights-creating or duty-imposing statutory or regulatory prescriptions. Those prescriptions need not, however, expressly provide for money damages; the availability of such damages may be inferred."

Ms. Burkholder has alleged that the Government after being notified of the failure to withhold premiums from her pay, failed to correct its error and sought to collect the payments, without applying the standards required under 5 U.S.C. § 5584, *Comp*. ¶ *9-12.* This Court has subject matter jurisdiction of this case, to determine if the Agency breached its duty to withhold payments from Ms. Burkholder's pay as required by the FEHB and failed to apply the proper standards for waiver as required by the Debt Collection Act. Ms. Burkholder's claim involves the award of money damages in the amount of the monies deducted from Ms. Burkholder's pay, if the Agency breached its duty under the laws and regulations. The

Government's Motion to Dismiss for lack of subject matter jurisdiction should be denied.

Unless The Plaintiff Can Not Recover To A Certainty Under Any Set Of Facts, Dismissal For Failure To State A Claim May Not Be Granted

The Government urges this Court to dismiss Ms. Burkholder's claim, pursuant to RCFC Rule 12(b)(6), *Government brief* , 14-19. In deciding the Government's motion, this Court must accept all facts pleaded in the complaint as true and construe all reasonable inferences from the facts in favor of Ms. Burkholder. The complaint and accompanying exhibits in this case show that Ms. Burkholder notified the Agency on three occasions in 2002, within three months of the error, of its failure to deduct premiums from her pay and submitted written requests to correct any agency error, which had occurred, *Comp.* ¶ 9-12. Despite the Agency being informed in writing of the breach of its obligation to deduct health insurance premiums, the Agency failed to correct its breach until two years had elapsed. The Agency, in exercising its authority under the Debt Collection Act, denied a waiver, asserting, "Although claims of the United States against an employee arising from an erroneous overpayment of salary can be waived, see: 5 U.S.C. § 5584, waiver requests must be denied if the employee was at fault in any way," *Comp.* ¶ 12, Ex. 5, p. 1. The Agency's denial was in

violation of the standards of equity and good conscience as set forth in *Bowers, supra.* at 221 and *Rapp*, *supra*. at 109. Fault may only be imputed to an employee for an agency's administrative error, when the employee fails to take steps to correct the error. The complaint sets forth a claim, since the denial was based on an erroneous application of the standards to be applied in waiving a debt, complaint, ¶ 12.

The implementing regulations for the FEHB make clear, the responsibility for any under payment of premiums rests with the government, regardless, of whether the money is repaid. The regulation authorizes the government to collect the overpayment of salary, under the standards of the Debt Collection Act. An employee has a right to challenge the misapplication of those standards and if the employee's claim is meritorious, then the debt must be waived, *Bowers, supra.* and *Rapp, supra*. The complaint in this case sets forth a claim under the FEHB and the Debt Collection Act. The Government's Motion to Dismiss on this basis should be denied.

## Conclusion

For the reasons set forth herein, this Court has subject matter jurisdiction over Ms. Burkholder's claims and the complaint sets forth

claims upon which relief may be granted. The Government's Motion to Dismiss should be denied.

Respectfully Submitted,

/s/______________________
Barbara B. Hutchinson
D.C. Bar No. 418967
7907 Powhatan Street
New Carrollton, MD. 20784
Telephone: (301) 577-3387
Facsimile: (301) 577-3764
Attorney for Plaintiff

January 11, 2007