IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMY B. BURKHOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-359C |
| v. | ) | (Judge Baskir) |
| | ) | (ADR Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to the Court's scheduling order on October 27, 2006, and Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss Amy B. Burkholder's complaint, in part, for lack of subject matter jurisdiction and, to the extent the Court may determine it possesses subject matter jurisdiction, in remaining part for failure to state a claim upon which relief could be granted.

Ms. Burkholder's response in opposition to our motion to dismiss makes two principal arguments: (1) that this Court possesses subject matter jurisdiction to decide her claims because the Government allegedly breached a duty to withhold health benefits premiums from her salary, see Plaintiff's Response at 5-6; and (2) that her complaint states a claim under 5 U.S.C. § 5584, the debt waiver statute, see Pl. Resp. at 7-8.

Ms. Burkholder's contentions in response are without merit.

## ARGUMENT

### I. Ms. Burkholder Has Not Demonstrated Any Express Or Implied Money Mandate

Ms. Burkholder contends that this Court possesses jurisdiction because the Government allegedly breached a duty to withhold health insurance premiums from her pay such that her claim "involves the award of money damages in the amount of the monies deducted from [her] pay." Pl. Resp. at 5-6. She contends that "[t]he statute does not have to expressly authorize the award of damages" in order to be a money-mandating statute, but that "a fair interpretation is what is required." Pl. Resp. at 5. Neither her complaint nor her response to the Government's motion to dismiss, however, demonstrates any implied money mandate that would sustain jurisdiction to decide the claims in her complaint.

One indication to the contrary is this Court's predecessor's decision finding no money mandate in the Health Benefits Act. Rosano v. United States, 9 Cl. Ct. 137, 144 (1985). In Rosano, a terminated employee sought recovery of a portion of health insurance premiums he paid during his employment. See id. at 139. Finding no jurisdictional money mandate

in the Health Benefits Act, this Court's predecessor held:

> No provision of such Act provides expressly for payment of compensation to a federal employee for unwanted coverage in health insurance premiums voluntarily paid, and it may not reasonably be concluded that it is implied. . . . "That Congress has consented to suit, in short, does not mean that it has validated every conceivable cause of action and claim for relief which counsel can construct." Plaintiff contends that jurisdiction over this claim is conferred upon the Claims Court by 5 U.S.C. § 8912. . . .
>
> However, while this section confers jurisdiction over the parties, it does not confer jurisdiction to award a money judgment on any claim which is not otherwise provided for by the Health Benefits Act. . . .
>
> Nor can any right to compensation under these circumstances be determined from the regulations governing the [Federal Employees Health Benefits Program]. Section 890 of 5 C.F.R. deals with eligibility for enrollment and actions "reviewing a claim denied by a plan." There is no "fair interpretation" that an employee can sue for money, absent a denial of enrollment or benefits under a plan, merely because he objects to the plans in the program.

Id. at 143-44 (emphasis added, citations omitted). Although the facts of this case are not identical to those of Rosano, Rosano's analysis applies similarly to this case – that causes of action under the Health Benefits Act and its implementing regulations concern the denial of enrollment and health benefits, not all conceivable allegations against the Government that

relate to health benefits.

Ms. Burkholder does not explain how this Court could reasonably infer, from a statute that requires the Government to withhold wages for payment of health benefit premiums, that Congress implicitly granted an employee a cause of action for money damages when held to account for premiums properly paid on behalf of the employee but not immediately withheld. Ms. Burkholder's contention simply proves too much, asserting that her allegation of a breached duty and her request for monetary relief are sufficient to create jurisdiction. See Pl. Resp. at 5-6. If such allegations were sufficient, then any claim for monetary relief when a Government duty is implicated would be within this Court's jurisdiction, a proposition contrary to law.

For example, although the Government must follow its own regulations pursuant to the Administrative Procedures Act ("APA") and must provide due process and equal protection pursuant to the United States Constitution, for which a plaintiff may request monetary relief, it is well-settled that there is no money mandate to support such claims in this Court. See Wopsock v. Natchees, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (the APA is not money mandating); LeBlanc v. United States, 50 F.3d

1025, 1028 (Fed. Cir. 1995) (the Due Process Clause and the Equal Protection Clause of the 5th Amendment are not money mandating); see also Lawrence v. United States, 69 Fed. Cl. 550, 554, aff'd in unpublished disposition, No. 2006-5065, 2006 WL 3358393 (Fed. Cir. Nov. 14, 2006). Therefore, Ms. Burkholder has failed to demonstrate that this Court possesses jurisdiction to decide her claims.

## II. Ms. Burkholder's Contentions In Response Do Not Remedy The Complaint's Failure To State A Claim Upon Which Relief Could Be Granted

Ms. Burkholder contends that her complaint "should not be dismissed unless it appears [she] can prove no set of facts in support of her claim which would entitle [her] to relief." Pl. Resp. at 3-4. However, as explained in the Government's memorandum in support of its motion to dismiss, Ms. Burkholder has not alleged facts to demonstrate that her request for waiver meets all of the statutory prerequisites for granting a waiver. The debt waiver statute, 5 U.S.C. § 5584, authorizes agencies to grant waivers, but limits this authority to circumstances when collection "would be against equity and good conscience and not in the best interests of the United States." 5 U.S.C. § 5584(a) (emphasis added). In addition, the debt waiver statute prohibits agencies from granting waivers when there is "an

indication of fraud, misrepresentation, fault, or lack of good faith on the part of the employee or any other person having an interest in obtaining waiver of the claim." 5 U.S.C. § 5584(b)(1) (emphasis added). Ms. Burkholder has made no allegation whatsoever that collection of her debt would not be "in the best interests of the United States," and she has not alleged facts that would prove she was not at fault, as described below.

Ms. Burkholder incorrectly concludes, based upon her application of two Comptroller General decisions,[1] that "[f]ault may only be imputed to an employee for an agency's administrative error, when the employee fails to take steps to correct the error." Pl. Resp. at 8. To the contrary, the Comptroller General has held that "[i]f an employee has records which, if reviewed, would indicate an overpayment, and the employee fails to review such documents for accuracy or otherwise fails to take corrective action, he is not without fault, and waiver will be denied." In re Crawford, 62 Comp. Gen. 608, 608 (1983). Thus, an employee has a duty to review statements of leave and earnings, and other such documents, and to make inquiries with appropriate officials if the accuracy of payments is called into doubt.

---

[1] Although Comptroller General decisions are not binding upon this Court, they may be considered as persuasive authority. See Thompson v. Cherokee Nation, 334 F.3d 1075, 1084 (2003).

See id. In addition, amounts erroneously paid to an employee after the agency and the employee are aware of the error will not be waived. See Miller, B-271,951 (Comp. Gen. Dec. 17, 1996).

The Comptroller General also has found that individual employees who were overpaid due to a failure to deduct premiums for health insurance are not entitled to waivers. See, e.g., Bolton, B-242,854 (Comp. Gen. June 5, 1991) ("Ms. Bolton should have questioned the fact that no health insurance deductions were being withheld from her pay."). Where an employee is at fault, financial hardship cannot be considered because waiver must be denied. See Reedy, B-257,862 (Comp. Gen. Jan. 17, 1995); Williams, 70 Comp. Gen. 699, 700 (Sept. 6, 1991) ("Since we find that Mr. Williams was on notice of the overpayment we cannot find that he was free from fault. The fact that collection of the debt will create a financial hardship does not provide a basis to excuse this indebtedness.").

Both of the Comptroller General decisions Ms. Burkholder cites in support of her claim involved situations where the employees were found not to be at fault because the information they possessed did not put them on notice of the errors. In Bowers, the Comptroller General found that a new employee was not at fault because the amount of the deduction

appeared reasonable, and Mr. Bowers had no reason to question the amount deducted at the time. 65 Comp. Gen. 216, 221 (Jan. 22, 1986). Similarly, in Rapp, the Comptroller General held that Ms. Rapp was not at fault because the "documents did not readily indicate the error," instead requiring a complex calculation to determine an annuity offset. 73 Comp. Gen. 105, 109-10. (Mar. 2, 1994). Here, the exhibits to Ms. Burkholder's complaint show that she received bi-weekly leave and earning statements, see Compl. Ex. 7, at 2, but unlike new employee Mr. Bowers, or annuitant Ms. Rapp, Ms. Burkholder was a longtime employee who would have reason to question a change in the amount of her deductions, see Compl. Ex. 3, at 1. Therefore, Ms. Burkholder has not alleged facts that would implicate Bowers and Rapp in this case.

Moreover, accepting Ms. Burkholder's contentions would lead to the incorrect conclusion that an employee who is aware and notifies the Government of an erroneous payment is entitled to keep the resulting overpayment in salary for as long as it continues. The Comptroller General has repeatedly stated that employees who receive salary overpayments and are aware of the error have a duty to set the money aside and prepare to repay the Government. See Thompson, 73 Comp. Gen. 247 (Aug. 2,

1994) ("[I]f an employee is aware of receiving erroneous overpayments, he not only has a responsibility to notify responsible agency officials, but he should set the erroneous amounts aside and be prepared to make repayment upon correction of the error; the employee cannot reasonably expect to retain the overpayments."); Richardson, B-253,636 (Comp. Gen. Apr. 20, 1994) ("[H]e should have been prepared to refund the excess upon resolution of the errors."); Williams, 70 Comp. Gen. at 701 ("An employee on notice of an error in his pay has a duty to return the excess sums or set aside this amount for refund at such time as the administrative error is corrected."); Bell, B-228,661 (Comp. Gen. Aug. 18, 1988) ("[T]he employee cannot reasonably expect to retain the overpayment and should return the amount of the overpayment or set it aside for refund to the United States at a later date."); Turner, B-200,116 (Comp. Gen. Mar. 23, 1981) ("An employee on notice of an error in his pay has a duty to return the excess sums or set aside this amount for refund at such time as the administrative error is corrected.").

Ms. Burkholder has not alleged facts that would establish she was without fault, or that the other prerequisites of 5 U.S.C. § 5584 were met, such that she would be eligible for waiver under 5 U.S.C. § 5584.[2]

## CONCLUSION

For the reasons stated above, and in the Memorandum In Support Of Defendant's Motion To Dismiss, we respectfully request that the Court dismiss the complaint in part for lack of jurisdiction, and in remaining part for failure to state a claim upon which relief could be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

[2] Even assuming, for the sake of argument, that Ms. Burkholder had alleged facts necessary to state a claim that the Government wrongfully denied her waiver request, this Court does not possess jurisdiction over such a claim because waiver decisions pursuant to 5 U.S.C. § 5584 are discretionary. See Lawrence, 69 Fed. Cl. at 554-55.

Of Counsel:

LYNN DICKINSON
EEOC, Office of Legal Counsel
1801 L St., N.W., 6th Floor
Washington, D.C.

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 353-7991
Fax: (202) 514-8624

Attorneys for Defendant

January 25, 2007

CERTIFICATE OF FILING

I hereby certify that on this 25th day of January 2007, the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease