IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMY B. BURKHOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-359C |
| v. | ) | (Judge Baskir) |
| | ) | (ADR Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CONSOLIDATED STATEMENT OF UNCONTROVERTED FACTS

For purposes of the Government's pending motion to dismiss, the Government assumes, without admitting, the facts alleged by Amy B. Burkholder in her complaint and its supporting exhibits. The following relevant facts are assumed to be true by the parties for purposes of the pending motion to dismiss:

1. Ms. Burkholder is employed by the United States Equal Employment Opportunity Commission ("EEOC") in the position of Investigator GS-1810-12. Complaint ¶ 1.

2. During the period of November 5, 2000, until August 21, 2004, the Government did not deduct the employee portion of health insurance premiums from Ms. Burkholder's salary. See Compl. Exhibit 7, at 1.

3. Ms. Burkholder continued to receive and use health insurance benefits during this period. See Compl. Ex. 3, at 2 ("my family and I made periodic visits to medical facilities as needed without a problem").

4. Ms. Burkholder received standard Federal employee biweekly leave and earnings statements at all times relevant to this action. See Compl. Ex. 7, at 2.

5. On September 23, 2001, the United States Department of Interior ("DOI") assumed responsibility for the payroll function of the EEOC. See Compl. Ex. 3, at 1.

6. In January 2002, the DOI contacted Garfield Freeman, a Human Resource Specialist of the EEOC, and stated that Ms. Burkholder had been dropped from the payroll. See Compl. Ex. 3, at 1.

7. Mr. Freeman informed the DOI that Ms. Burkholder was a current employee and was enrolled in a health benefit plan. Id.

8. On January 15, 2002, Mr. Freeman sent to the DOI by facsimile a copy of Ms. Burkholder's enrollment form, Form 2809. Id.

9. On January 15, 2002, at the request of the DOI, Mr. Freeman sent to Jim Gilbert of the DOI, a completed Notice of Change in Health Benefits Enrollment Form 2810, backdated to September 23, 2001. Id.

10. On January 28, 2002, Mr. Freeman sent by facsimile a copy of Ms. Burkholder's Forms 2809 and 2810 to Charlotte Brown, a Benefits Specialist for the DOI. Id.

11. On February 7, 2002, Mr. Freeman sent by facsimile a copy of Ms. Burkholder's Form 2810 to George Kertimenian, an employee of the EEOC's Office of Human Resources. Id.

12. On or about September 13, 2004, the DOI notified Ms. Burkholder that it had not withheld health benefit premiums, in the amount of $7,015.98, from her pay. Compl. at ¶ 4; see also Compl. Ex. 1.

13. On or about October 12, 2004, the DOI issued a second notice of collection of a debt in the amount of $16,103.44. Compl. at ¶ 5; see also Compl. Ex. 2.

14. These letters from the Government informed Ms. Burkholder of her right to inspect and copy records relating to the debt, the right to a hearing on each debt if requested within 15 days of receipt of each letter, and her right to request waiver of the debt. See Compl. Ex. 1, at 3; Compl. Ex. 2, at 3.

15. The total amount the Government did not deduct was $23,067.32. Compl. Ex. 7 at 1.

16. Ms. Burkholder submitted requests for waiver of the debts. See Compl. Exs. 3, 6.

17. Ms. Burkholder's request for a waiver stated, "[N]othing occurred that would reasonably lead me to believe that there was a problem. When reviewing my leave and earnings statements, I erroneously believed that health benefits were being deducted. I have learned that what I thought were health benefits were not." Compl. Ex. 3, at 2.

18. On December 3, 2004, the EEOC issued a letter denying Ms. Burkholder's request for waiver stating, in part, as follows:

> You are partially at fault, within the meaning of the waiver statute, because you failed to notice that no deductions for health benefits were being made in your Statements of Pay and Leave.
>
> You assert that you filed all of the proper forms to apply for health insurance benefits and took no action that caused the EEOC to fail to deduct the premiums. While that may be the case, that does not change the result. . . . Moreover the error was discovered by the Department of Interior in January 2002, and brought to your attention but, unfortunately, not corrected at that time. Amounts erroneously paid to an employee after the agency and the employee are aware of the error cannot be waived.

Compl. Ex. 5, at 1.

19. The EEOC's December 3, 2004, denial letter did not inform Ms. Burkholder of any procedures to request reconsideration of the waiver denial, or whether she was entitled to a hearing on the denial of the waiver request. Compl. at ¶ 11.

20. On February 2, 2005, Ms. Burkholder requested a hearing on the denial of the waiver request, "concerning a determination of debt to the United States Government," through her union representative, Michael E. Davidson, President, Local 3504, American Federation of Government Employees AFL-CIO. Compl. at ¶ 13; Compl. Ex. 6.

21. On May 18, 2005, the EEOC issued a letter denying Ms. Burkholder's request for a hearing, stating: "The regulations provide that an employee is entitled to a hearing upon request prior to salary offset, on any issue that raises a significant question as to credibility or veracity of any individual(s) involved in his or her case." Compl. at ¶ 14; see also Compl. Ex. 7, at 1-3.

22. On or about March 1, 2006, the EEOC, without notice of the amount, frequency, and duration of biweekly deductions, began biweekly deductions in the amount of $381.85 from Ms. Burkholder's pay. Compl. at ¶ 15.

Respectfully submitted,

s/ Barbara B. Hutchinson
BARBARA B. HUTCHINSON
Attorney for Plaintiff
7907 Powhatan Street
New Carrollton, MD 20784
Telephone: (301) 577-3387
Facsimile: (301) 577-3764

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 353-7991
Fax: (202) 514-8624

Of Counsel:
LYNN DICKINSON
EEOC, Office of Legal Counsel
1801 L St., N.W., 6th Floor
Washington, D.C.

Attorneys for Defendant

February 1, 2007

CERTIFICATE OF FILING

I hereby certify that on this 1st day of February 2007, the foregoing "CONSOLIDATED STATEMENT OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease